NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-620

GEOFFREY O. HILLS

vs.

ROBERT BERLUTI & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Geoffrey Hills, appeals from a Superior Court judgment which allowed the defendants' motion to dismiss the complaint on the ground that it was barred by the statute of limitations.  We conclude that the complaint was correctly dismissed, substantially for the reasons stated in the judge's well-reasoned memorandum of decision.

As the judge held, and we agree, all four of the plaintiff's claims are tort-based and thus governed by the three-year statute of limitations, and the complaint alleges no misconduct by the defendants that occurred within the

---

[1] Berluti, McLaughlin & Kutchin.

limitations period. We also agree with the judge that the discovery rule does not save count 1 of the complaint. In arguing otherwise, the plaintiff claims that the judge, in her memorandum of decision, "incomplete[ly]" cited White v. Peabody Constr. Co., 386 Mass. 121, 130 (1982). Specifically, the plaintiff claims that, under the so-called "discovery rule," "notice" is not "simply knowledge that an injury has occurred," Id., but rather that "the injury occurred due to the actions of the defendants." We disagree that the judge misapplied White or the discovery rule, as the asserted distinction in the definition of "notice" would not affect the timing of the plaintiff's constructive receipt of notice via his attorney. See McCarthy v. Slade Assocs., 463 Mass. 181, 196 (2012) ("the knowledge of the client's attorney is generally imputed to the client").

The plaintiff raises several additional arguments, all for the first time on appeal, in support of his overarching claim that the judge erred in dismissing the complaint on the ground that it was barred by the statute of limitations. He makes the following claims: (1) the judge erred in finding that the plaintiff's attorney had received an e-mail message from Robert Berluti, stating that "[t]here is no contention the [c]ollection lawsuit was authorized by the then majority of trustees when it

2

was filed"; (2) it was an "abuse of discretion" to "deny[] the [p]laintiff . . . the opportunity to respond" to the judge's finding that the plaintiff's attorney received the aforementioned e-mail message;[2] (3) as to count 2 of the complaint, the criminal larceny statute, G. L. c. 266, § 30, establishes that the statute of limitations is "six to ten years depending on the circumstances, not three years";[3] and (4) the judge erred, as a matter of law, in finding count 4 to be time-barred, as Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), "allows the court to set aside a judgment on its initiative, [and] contains no time limit."[4]

"Objections, issues, or claims — however meritorious — that have not been raised at the trial level are deemed generally to have been waived on appeal." Palmer v. Murphy, 42 Mass. App.

---

[2] The plaintiff's brief fails to cite to the record or any relevant legal authority in support of this contention. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies"). See also Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority," do not rise to level of appellate argument). Our treatment of this argument as waived is therefore also supported on this basis.

[3] We note that the criminal larceny statute is inapposite, as count 2 was brought in tort.

[4] We note that rule 60 (b) is inapposite in determining the applicable statute of limitations.

3

Ct. 334, 338 (1997).  Because the plaintiff's arguments "fit[]
none of the usual exceptions to the general rule that claims not
raised below are waived on appeal," we need not address them.[5]
Id. at 338-339.[6]

Judgment affirmed.

By the Court (Meade, Shin &
Tan, JJ.[7]),

Clerk

Entered:  June 17, 2025.

---

[5] With regard to additional claims raised by the plaintiff,
we have reviewed them and conclude that they do not warrant
reversing the judgment.  See Commonwealth v. Domanski, 332 Mass.
66, 78 (1954) ("Other points, relied on by the [plaintiff] but
not discussed in this opinion, have not been overlooked.  We
find nothing in them that requires discussion").

[6] The defendants' request for an award of appellate
attorney's fees and costs is denied.  The plaintiff's appeal was
without merit, but not frivolous.  See Mass. R. A. P. 25, as
appearing in 481 Mass. 1654 (2019).

[7] The panelists are listed in order of seniority.